IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DICAM, INC.

    *Plaintiff*,

v.    CIVIL ACTION NO. _____

SPRINT NEXTEL CORPORATION

and

SANYO NORTH AMERICA CORPORATION

    *Defendants*.

## COMPLAINT

Plaintiff Dicam, Inc. ("Dicam"), by and through counsel, for its Complaint against Defendants Sprint Nextel Corporation and Sanyo North America Corporation (collectively "Defendants") alleges as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff Dicam is a Virginia corporation and has a principal place of business in Charlottesville, Virginia.

2.  Defendant Sprint Nextel Corporation ("Sprint") is a Kansas corporation and has a principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

3.  Defendant Sanyo North America Corporation ("Sanyo") is a Delaware corporation and has a principal place of business at 2055 Sanyo Avenue, San Diego, California 92154.

**NATURE OF ACTION**

4. This is an action for infringement of United States Patent No. 4,884,132 ("the '132 Patent") under 35 U.S.C. § 271.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and 1338.

6. Based on the facts and causes alleged herein, this Court has personal jurisdiction over Defendants.

7. Venue is proper in this Court under 28 U.S.C. §1391 and 1400(b).

**FACTUAL BACKGROUND**

8. On November 28, 1989, the '132 Patent was issued to inventors James A. Morris, Terry F. Morris and Frank O. Birdsall for a personal security system including a handheld unit.

9. On July 13, 2007, the '132 Patent was duly and properly assigned to Dicam, together with all right, title and interest in and to the '132 Patent in the United States, expressly including the right to sue for all damages for past, present and future infringements of the '132 Patent. Since that date, Dicam has been, and remains, the owner of the '132 Patent.

**SPRINT**

10. Upon information and belief, Sprint is one of the three largest wireless service carriers in the United States and serves over 50 million customers in all 50 states.

11. Sprint provides cellular services throughout the Commonwealth of Virginia

and the Western District of Virginia. Sprint operates several store locations throughout Central Virginia, including presently at 1650 Rio Road E, Charlottesville, VA 22901 and 247 Burgess Road, Harrisonburg, Virginia 22801.

12. Sprint has sold, offered for sale and advertised cellular telephones embodying the patented invention of the '132 Patent, including those manufactured by Defendant Sanyo.

13. Sprint has been infringing the '132 Patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 Patent.

## SANYO

14. Sanyo is a leading manufacturer of mobile devices, including cellular phones.

15. Sanyo cellular phones are sold and advertised throughout the Commonwealth of Virginia and the Western District of Virginia by Sprint.

16. Sanyo cellular phones are sold, offered for sale, and advertised through Sprint.

17. Sanyo has made, sold, offered for sale, imported, and used products embodying the patented invention of the '132 Patent.

18. Sanyo has been infringing the '132 Patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 Patent.

## COUNT I
### (PATENT INFRINGEMENT)

19. Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

20. Defendants have been infringing the '132 Patent by making, selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 Patent.

21. Alternatively, each of the Defendants has contributed to or induced the infringement of the '132 Patent by aiding and abetting (a) such Defendant's affiliates and/or subsidiaries; (b) the other Defendant; and/or (c) the other Defendant's subsidiaries and/or affiliates to make, sell, offer for sale, import and/or use the patented invention during the enforceable patent term of the '132 Patent.

22. After a reasonable opportunity for further investigation and discovery, Plaintiff is likely to have evidentiary support that Defendants have willfully infringed the '132 Patent.

## DEMAND FOR JURY TRIAL

23. Plaintiff requests a trial by jury for all issues appropriately tried to a jury.

**WHEREFORE**, Plaintiff demands

1. damages no less than a reasonable royalty;
2. an assessment of interest and costs against Defendants;
3. a finding of willful infringement;
4. a finding that this action is an exceptional case under 35 U.S.C. § 285;
5. an award of treble damages and reasonable attorneys' fees; and
6. any and all such other relief as this Court deems just and proper under the circumstances.

Filed this 18th day of November 2008.

DICAM, INC.
By Counsel

/s/ Patrick C. Asplin
PATRICK C. ASPLIN (VSB# 46620)
MARK D. OBENSHAIN (VSB# 27276)
NANCY R. SCHLICHTING (VSB #65909)
Of Lenhart Obenshain PC
100 10th Street N.E., Suite 300
Charlottesville, Virginia 22902
(434) 220-6100
434) 220-6102 (Facsimile)
Counsel for Plaintiff

LO.191835.DOC